```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
    SHINANO KENSHI CORPORATION, and SHINANO KENSHI CO., LTD.,    :
                                                                 :
                                                                 :
                                        Plaintiff(s),            :     22  Civ. 3704  (LGS)
                        -v-                                      :
                                                                 :     AMENDED
                                                                 :     CIVIL CASE
    HONEYWELL INTERNATIONAL INC.,                                :     MANAGEMENT PLAN
                                        Defendant(s).            :     AND SCHEDULING
                                                                 :     ORDER
-----------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent  X  ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have _____ / have not  X  ] conferred pursuant to Fed. R. Civ. P. 26(f).[1]

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
    [Yes _____ / No  X  ]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
    [Yes _____ / No  X  ]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
    [Yes _____ / No  X  ]

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
    [Yes _____ / No  X  ]

---

FN1: Honeywell requested the parties adjourn the Rule 26(f) conference until the Court has set a briefing schedule for Honeywell's anticipated motion to dismiss.

Revised October 14, 2021

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have  X      / have not _____ ] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
   N/A.

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   The parties are amenable to retention of a private mediator.

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   After the close of fact discovery.

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after August 31, 2022 without leave of Court.

6. Amended pleadings may be filed without leave of Court until August 31, 2022.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 30 days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

   a. All fact discovery shall be completed no later than ~~February 2, 2023~~ ~~December 19, 2022~~ February 24, 2023.
   *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by September 22, 2022.

2

The deadlines in paragraphs 8(a), 8(c), 8(e) and 8(f) may not be changed without judicial approval.

c. Responsive documents shall be produced by ~~November 11, 2022~~ January 6, 2023.
Do the parties anticipate e-discovery? [Yes X / No ____ ]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by September 22, 2022.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~February 2, 2023~~ March 30, 2023.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ~~November 14, 2022~~ January 23, 2023.

g. ~~Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).~~

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any: Experts on Plaintiff's damages, the market for Personal Protective Equipment, and Defendant's defenses.

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~March 20, 2023~~ ~~February 3, 2023~~. March 31, 2023 *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

   c. If you have identified types of experts in question 9(a), by January 3, 2023 *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is X / is not ____ ] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is 5-7 days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

_____
_____
_____
_____
_____
_____
_____
_____

13. Status Letters and Conferences

a. By ~~October 10, 2022~~ September 19, 2022 *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

b. By ~~February 16, 2023~~ ~~January 4, 2023~~ March 13, 2023 *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On ~~April 3, 2023~~ ~~February 22, 2023~~ at ~~11:30 A.M.~~ ~~4:10 p.m.~~ April 19, 2023 at 4:10 p.m. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

   i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

   ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

**The parties shall file an additional joint status letter regarding the progress of discovery by December 14, 2022, and every thirty days thereafter, until discovery closes.**

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: November 14, 2022
      New York, New York

                                            LORNA G. SCHOFIELD
                                      UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

/s/ Spencer Persson                           /s/ Avery G. Carter

Davis Wright Tremaine LLP            Nelson Mullins Riley & Scarborough LLP
Counsel for Plaintiffs Shinano Kenshi   Counsel for Defendant Honeywell
Corporation and Shinano Kenshi Co., Ltd.   International, Inc.