

Suite 2400
865 South Figueroa Street
Los Angeles, CA 90017-2566

**Spencer Persson, Partner**
(213) 633-6800 tel
spencerpersson@dwt.com

February 13, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Shinano Kenshi Corp. et al. v. Honeywell Int'l Inc.*, Case No. 22 CV 3704 (LGS)

Dear Judge Schofield:

Pursuant to the Court's Order dated November 14, 2022 (Dkt. No. 35), Plaintiffs Shinano Kenshi Corporation (now known as ASPINA Incorporated) and Shinano Kenshi Co., Ltd. (collectively, "Plaintiffs") and Defendant Honeywell International Inc. ("Defendant"), respectfully submit this joint letter to the Court regarding the status of depositions and certain discovery issues the parties are working to resolve.

## I. Depositions

The parties have begun depositions pursuant to the Court's Orders (Dkt Nos. 39, 44). Accordingly, Defendant has taken the depositions of Sawato Aizeki and Nick Lauro. On February 8, 2023, Defendant submitted a request to the Court to reschedule the depositions of Mayumi Dabbay and Anil Kumar due to illness and a prior conflict, respectively. (Dkt. No. 45). The Court granted this request. (Dkt. No. 46). Mr. Kumar's deposition has been rescheduled for March 7, 2023, and the parties are conferring on the deposition date for Ms. Dabbay which will be promptly relayed to the Court. The depositions of Alex Grigorow and Tex Moseri are scheduled for February 16 and 17, 2023, Alban Gousset's deposition will occur on February 20, 2023 (President's Day), and, barring unforeseen circumstances, the parties anticipate taking the remaining percipient witness depositions on the dates specified by the Court (Dkt. Nos. 39, 44).

## II. Potential Discovery Hurdles

### A. The Parties' Supplementation of Interrogatory Responses and Documents.

Plaintiffs requested Defendant supplement its responses to interrogatories given the Court's ruling regarding the relevancy of certain categories of documents (Dkt. No. 39) and Defendant agreed to provide additional information.

#### 1. Plaintiffs' Supplementation Requests.

Plaintiffs requested Defendant supplement its Responses to Interrogatories Nos. 4, 5, 6, 7, and 8, which involve Defendant's subcontractor and revenue information. Plaintiffs further

requested that Defendant supplement its Responses to Interrogatory Nos. 10, 11, 12, and 13, concerning the identification of Defendant's employees, U.S. Government officials, and foreign governmental entities who communicated regarding PPE including PAPR units. Plaintiffs have alleged that Defendant made repeated representations to Plaintiffs about the U.S. Government committing to purchasing at least 112,000 PAPR units, but Defendant has yet to identify anyone at Honeywell who had those conversations or exchanged correspondence with the U.S. Government, or identify anyone with the U.S. Government who made those commitments or placed the relevant orders.

On January 20, 2023, Plaintiffs asked Defendant to supplement its Interrogatories, and Defendant stated its intention to serve its supplemental Interrogatory Responses by January 27, 2023. Defendant has yet to supplement despite follow up requests by Plaintiffs' counsel, and Defendant has not requested to confer with Plaintiffs on limiting these requests beyond a preliminary and hypothetical conversation after the issuance of this Court's Order (Dkt. No. 39) regarding the type of financial information which might be responsive. Moreover, this letter is the first time Plaintiffs have been informed that Defendant may not fully supplement its responses or produce documents but instead seek a protective order at some undisclosed time in the future when discovery deadlines will foreclose other avenues for pursuing this information.

Because Defendant has not yet provided this supplemental information, Plaintiffs feel obligated to bring this discovery issue to the Court's attention. Indeed, due to the discovery deadline of March 30, 2023, Plaintiffs maintain that they must receive this information promptly to avoid the need to alter case deadlines. Plaintiffs believe that it is becoming increasingly likely that the Parties will need the Court's assistance on these issues.

**1. Defendant's Response and Pending Supplementation Requests.**

Defendant has advised Plaintiffs that it is working on obtaining the requested information, but due to the breadth and scope of the requests—which go far beyond the product at issue and are not restricted in temporal scope to the relevant time period—Defendant has continued objections to these requests, including, without limitation, to production of Defendant's highly confidential revenue information. Defendant is working in good faith to identify and produce responsive information. The parties are continuing to work together to resolve this issue without Court intervention, in accordance with the Court's directive that the "parties shall meet and confer in good faith to narrow the scope of the request to minimize any burden on Defendant that is disproportionate to the relevance of the information, provided that the parties shall confer in light of the Court's holding that the three categories of information listed are relevant to Plaintiffs' claims." (ECF 39.) In the event that the requested information is impossible to obtain or, doing so would be unduly burdensome to Defendant, and Plaintiffs continue to pursue information, Defendant may need to seek a protective order. Conversely, Plaintiffs may move to compel. In either scenario, the parties will promptly request a court conference.

On February 10, 2023, Defendant advised Plaintiffs that several of Plaintiffs' responses to interrogatories will require supplementation because the responses were either incomplete or not responsive to the questions. Defendant will provide Plaintiffs with an itemized list of interrogatories to be supplemented in short order.

### B. Additional Depositions Requested By the Parties.

#### 1. Depositions Requested by Plaintiffs.

Plaintiffs have requested dates for at least one and possibly three additional depositions in this matter. First, Plaintiffs have requested a date for Galen Chin, Defendant's former Chief Procurement Officer, because documents produced by Defendant show Mr. Chin was involved in the decision not to accept delivery of Plaintiff's Aspina Blowers.

Furthermore, Plaintiffs have conditionally requested the depositions of two additional witnesses who may be able to provide information relating to Defendant's communications and commitments from the U.S. Government for PAPR units. Based on the information produced to date, it appears that Defendant's CEO, Darius Adamczyk, and Defendant's President of PPE, Will Lange, may be able to identify the persons for both Honeywell and the U.S. Government who discussed orders of the PAPR units. Mr. Adamczyk, for example, appeared with President Trump on March 30, 2020, at a press conference for the Coronavirus Task Force (https://www.youtube.com/watch?v=uPYopSUhVtQ), and Defendant represented in conversations with Plaintiff that Mr. Adamczyk had conversations with government officials at the highest level regarding the emergency need for PAPR units. (*See* Shinano_0000462 ("CEO of HON will meet Trump at 5 pm today and will need to commit Trump how many PAPRs HON can supply"); *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98 (S.D.N.Y. 2001) (granting the motion to compel "depositions of high-ranking executives of corporate defendants [which] were justified by their unique knowledge concerning antitrust claims")). Will Lange also seems likely to have conferred with internal Honeywell employees about Honeywell's interactions with the U.S. Government. (*See* Honeywell_00000020; 00003898-3902). While discovery has shown that Mr. Adamczyk and Mr. Lange were clearly involved in the events underlying this lawsuit, Plaintiffs have repeatedly informed Defendant that it would prefer to exhaust other avenues for seeking the relevant information before deposing Mr. Adamczyk in particular. Yet, months later, Defendant still cannot say who at Honeywell took the government's order for PAPR units and who in the government placed that order.

Accordingly, Plaintiffs may also require the Court's assistance in obtaining a date for Mr. Chin, and for requesting that Defendant either (a) provide dates for the depositions of Mr. Adamczyk and Mr. Lange; or, (b) identify the witnesses for Defendant who were the primary point of contracts for the U.S. Government for production of PAPR units such that those depositions may prove unnecessary.

#### 1. Defendant's Response and Possible Additional Depositions of Plaintiffs.

Defendant submits there is no evidence to suggest that Mr. Adamczyk was directly involved in any communications relevant to the issues in this matter, and therefore Shinano would be unable to overcome the APEX doctrine. Defendant will seek a protective order should Plaintiffs seek to depose Mr. Adamczyk. Defendant may seek a protective order should Plaintiffs seek to depose Mr. Lange.

Defendant will work with Plaintiffs to produce Mr. Chin for his deposition. Further, and as set forth in the previous section, Defendant will continue to work in good faith to supplement its responses concerning the identity of any employees of the U.S. Government with whom Defendant communicated on PAPR products such that the deposition Mr. Lange will be unnecessary. If the parties are unable to reach agreement in accord with the Court's instructions that Plaintiffs are to "minimize the burden" on Defendant, Defendant would likely move for a protective order on these documents and the depositions, as needed, because the requests are overly broad and both the production of documents and these depositions are not proportional to the needs of the case.

Defendant will be noticing the deposition of one or more employees from Shinano Kenshi Co., Ltd. (the Japanese entity), specifically Kiochi Shimoda, based upon counsels' review of Plaintiffs' documents. Defendant may also wish to depose Masashi Sato also from Shinano Kenshi Co., Ltd. Defendant will also be noticing the deposition of Rex Bergsma, CEO of Plaintiff ASPINA Incorporated, because the documents show that he was involved in communications with Defendant and Shinano Kenshi Co., Ltd. concerning, among other things, the dispute between the parties.

**C. Corporate Deposition Topics And Witnesses Cannot Be Reasonably Established Prior to Completion of Other Discovery Matters.**

The parties have conferred and agree that the parties' resources would be best served by extending the deadline to complete the Federal Rules of Civil Procedure 30(b)(6) depositions. Defendant's depositions of Plaintiffs' witnesses this week both clarified the need for 30(b)(6) depositions and made clear that the topics for those depositions may change and/or be narrowed by the future depositions scheduled through the end of the deposition discovery period. Plaintiffs will take the depositions of two of Defendant's witnesses during the week of February 13, but the witness who engaged with Plaintiffs most frequently relating to the production of the PAPR units, Anil Kumar, had his deposition delayed due to work commitments and is now not scheduled to be deposed until March 7, 2023. Mr. Kumar's deposition may also change or narrow the topics for Defendant's 30(b)(6) deponent(s). The final percipient defense witness is currently scheduled to be deposed on March 21 and Ms. Dabbay's deposition still needs to be rescheduled. The Parties will also work to schedule the additional depositions recently requested by each side.

As such, the parties request that the deadline to complete Federal Rule of Civil Procedure 30(b)(6) depositions be extended until April 28, 2023. The parties propose to meet and confer on the topics and witnesses for those depositions on or before March 30, 2023 to ensure a further extension is unnecessary, and will thereafter notify the Court of the rescheduled deposition dates.

Respectfully Submitted,

DAVIS WRIGHT TREMAINE LLP

By: *<u>/s/ Spencer Persson</u>*
Spencer Persson
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800
spencerpersson@dwt.com

Mohammad B. Pathan
Kimberly Saindon
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Tel: (212) 489-8230
mohammadpathan@dwt.com
kimsaindon@dwt.com
*Counsel for Plaintiffs Shinano Kenshi Corporation and Shinano Kenshi Co., Ltd.*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *<u>/s/ Lisa A. Herbert</u>*
Lisa A. Herbert
330 Madison Avenue, 27th Floor
New York, New York 10017
Telephone: (212) 913-9000
Email: lisa.herbert@nelsonmullins.com

Erika C. Birg (*admitted pro hac*)
Avery G. Carter (*admitted pro hac*)
201 17th Street NW | Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6165
Email: erika.birg@nelsonmullins.com
Email: avery.carter@nelsonmullins.com
*Counsel for Defendant Honeywell International Inc.*