UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SHINANO KENSHI CORP., et al.,                              :
                                                           :
                                    Plaintiffs,            :          22 Civ. 3704 (LGS)
                                                           :
                    -against-                              :              ORDER
                                                           :
HONEYWELL INTERNATIONAL, INC.,                             :
                                                           :
                                    Defendant.  :
----------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, an Opinion and Order issued March 9, 2023, granted Defendant's motion to

dismiss the Complaint (the "Opinion").  The Opinion dismissed the six causes of action asserted

in the Complaint, including breach of contract, breach of modified contract, breach of the implied

covenant, negligent misrepresentation and two claims of fraud.  The Opinion allowed Plaintiffs to

"file an Amended Complaint, solely for the purpose of repleading the breach of contract claim."

        WHEREAS, on March 21, 2023, Plaintiffs filed an Amended Complaint in accordance

with the Opinion.  Plaintiffs also filed a letter motion seeking leave to file a proposed Second

Amended Complaint ("SAC").  The proposed SAC repleads the dismissed breach of implied

covenant and fraud claims.

        WHEREAS, as a practical matter, Plaintiffs seek reconsideration of the Opinion.  The

Opinion granted leave to amend "solely" the breach of contract claim.  Plaintiffs seek leave to

amend other claims.

        WHEREAS, "[a] party may move for reconsideration and obtain relief only when the

party identifies an intervening change of controlling law, the availability of new evidence or the

need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155,

170 (2d Cir. 2021) (cleaned up).  "The standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted).  A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, Plaintiffs argue throughout their letter that the Opinion failed to construe the parties' agreement (the "Agreement") in their favor as the non-moving party.  This argument fails because "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms."  *In re World Trade Center Disaster Site Litig.*, 754 F.3d 114, 122 (2d Cir. 2014) (internal quotation marks omitted).  Plaintiffs presented arguments regarding the alleged ambiguity of the contract, which the Opinion considered and rejected.

WHEREAS, Plaintiffs do not identify "an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice" as needed to reconsider the order with respect to the breach of implied covenant claim.  *Cho*, 991 F.3d at 170.  The Opinion dismissed the breach of implied covenant claim because the alleged duty was inconsistent with the Agreement.  Plaintiffs argue that Defendant's representations

regarding a U.S. government contract violated the implied covenant by preventing them from meaningfully exercising their right to reject purchase orders.  This argument ignores § 24.1, the merger clause, which states that any representation outside the Agreement will not be binding. *See Woodard v. Reliance Worldwide Corp.*, 819 F. App'x 48, 49 (2d Cir. 2020) (summary order) (cleaned up) ("[T]he covenant only imposes an obligation consistent with other mutually agreed upon terms in the contract.").  Plaintiffs argue that Defendant's alleged refusal to accept delivery of the products at issue deprived Plaintiffs of their rights under § 2.3 and § 2.4.  Plaintiffs also argue that the Opinion erred in construing § 12.1, which grants Defendant "the right to change delivery schedules and temporarily suspend scheduled shipments," to allow Defendant to postpone delivery of the purchase orders indefinitely, an interpretation that "would render sections 2.3 and 2.4 . . . meaningless."  However, these sections grant Plaintiffs the right to receive payment upon termination of the Agreement -- the exact theory for breach of contract the Opinion granted Plaintiffs leave to replead.  The proposed SAC also seeks damages for the implied breach claim in the same amount as the breach of contract claim.  Any alleged breach of implied covenant on this basis would be duplicative of the breach of contract claim.  *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013).

WHEREAS, Plaintiffs do not identify "an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice" as needed to reconsider the order with respect to the Complaint's two fraud claims.  *Cho*, 991 F.3d at 170.  The Opinion dismissed the fraud claims because they were not "collateral or extraneous to the contract" as required under New York law.  *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996).  Plaintiffs' letter motion argues that the Opinion erred by treating Defendant's alleged misrepresentations regarding a government

contract as written forecasts, rather than as purchase orders.  However, this argument is inapposite, because Plaintiffs offer no basis to conclude the alleged misrepresentations regarding the government contract are collateral or extraneous to the Agreement, the relevant inquiry. Plaintiffs' argument as to the alleged misrepresentations regarding Defendant accepting delivery similarly fails, because they offer no basis to conclude these misrepresentations were collateral to the contract.

WHEREAS, in connection with their application, Plaintiffs filed a letter motion to file under seal certain information in the Amended Complaint, the proposed SAC and the motion for leave to amend.  Plaintiffs state that they have no interest in confidential treatment of this information.  Defendant states that this information is commercially sensitive and confidential and has been deemed confidential pursuant to the parties' confidentiality agreement.

WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted).  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted).  The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing

considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, the Amended Complaint is a judicial document. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." (internal quotation marks omitted)).  The proposed SAC is also a judicial document, because it represents Plaintiffs' proposed operative pleading. *See id.*  The letter motion regarding the proposed SAC is also a judicial document, because it goes directly to the scope of the Court's Opinion regarding the dismissed Complaint and the future course of this litigation.  The presumption of public access is particularly strong for these documents. *See id.* at 142 ("[W]e easily determine that the weight of the presumption here is strong.  Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power.").

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted).  However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).  The fact that parties to a contract deem that contract confidential does not, in and of itself, rebut a presumption of public access. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not

overcome the presumption of access to judicial documents.") (collecting cases).

WHEREAS, on April 4, 2023, Defendant filed a pre-motion letter regarding a contemplated motion to dismiss.  It is hereby

**ORDERED** that Plaintiffs' request for leave to file a Second Amended Complaint is **DENIED**.  It is further

**ORDERED** that the motion to file information under seal is **DENIED**.  Defendant has offered only conclusory statements in support of its motion and does not provide a basis to conclude that the disclosure of this information would cause any competitive harm.  It is further

**ORDERED** that Defendant's motion to dismiss shall be briefed as follows:

- Defendant shall file its motion by **April 21, 2023**.  Any memorandum of law filed in support shall not exceed twenty pages.

- Plaintiffs shall file their opposition, not to exceed twenty pages, by **May 5, 2023**.

- Defendant shall file a reply, not to exceed six pages, by **May 12, 2023**.

An order issued February 22, 2023, stayed discovery.  Discovery remains stayed pending further order of the Court.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 53, 54 and 59 and to unseal the documents at Dkt. No. 55.

Dated: April 11, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE