```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  SHINANO KENSHI CORP., et al.,                               :
                                                              :
                              Plaintiffs,                     :    22 Civ. 3704 (LGS)
                                                              :
                -against-                                     :    **OPINION AND ORDER**
                                                              :
  HONEYWELL INTERNATIONAL INC.,                               :
                                                              :
                              Defendant.                      :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Shinano Kenshi Corporation and Shinano Kenshi Co., Ltd. bring this action against Defendant Honeywell International Inc. The First Amended Complaint ("FAC") asserts a single cause of action for breach of the parties' contract, in which Plaintiffs agreed to sell, and Defendant agreed to purchase, certain personal protective equipment ("PPE"). Defendant moves to dismiss. For the reasons below, Defendant's motion is granted in part and denied in part. Plaintiffs' request for certification for interlocutory appeal is denied.

**I.      BACKGROUND**

The following facts are taken from the FAC and are presumed to be true for purposes of this motion. *See Sabir v. Williams*, 52 F.4th 51, 54 (2d Cir. 2022).

Defendant is a leading global manufacturer of PPE. Plaintiffs manufacture and produce a custom blower (the "ASPINA Blower") that functions as the essential operating part for Defendant's individual breathing PPE device (the "PAPR Unit"). In 2017, the parties entered into a Strategic Supplier Agreement (the "Agreement") to govern Plaintiffs' manufacture and Defendant's purchase of the ASPINA Blower for use in the PAPR Unit. Section 2.3 of the Agreement gave Defendant the right to "terminate this Agreement for convenience upon 30

days' prior written notice."  Section 2.4 further states:

> Termination is without liability to Honeywell except for payment for completed Products delivered and accepted by Honeywell before the date of termination; provided that if Honeywell terminates this Agreement under Section 2.3 above, Honeywell's sole liability . . . and [Plaintiffs'] sole and exclusive remedy, is payment for (A) Products received and accepted by Honeywell before the date of termination, and (B) with respect to custom Products that are within lead time under the terminated Purchase Order(s), unique raw materials, work in progress and finished Products, which shall be delivered to Honeywell.

Section 24.2, the notice provision of the Agreement, requires that "[a]ll notices . . . be in writing and will be deemed to have been duly given (a) on the date of service if served personally on the party to whom notice is to be given, (b) on the first business day after delivery to Federal Express or similar overnight courier or the Express Mail service maintained by the United States Postal Service, properly addressed," to certain listed points of contact for Plaintiffs and Defendant.

During the COVID-19 pandemic, Defendant exponentially increased purchase orders for ASPINA Blowers on an expedited timeline to capitalize on increased demand for the PAPR Unit.  In June 2020, Defendant informed Plaintiffs that in total it would need at least 112,000 units through the end of the year.

In August 2020, Defendant communicated to Plaintiffs via email that Defendant wanted to cancel 12,000 units and delay a large portion of its orders that were already completed or in process due to "huge demand changes."  Plaintiffs initially refused to modify or cancel the orders, but eventually the parties agreed to cancel 6,000 orders and adjust delivery schedules for others.  Through mid-February 2021, Defendant continued to represent to Plaintiffs that it would accept shipment for the remaining orders.  But on February 19, 2021, Defendant directed Plaintiffs to "cancel and scrap all units currently being held by ASPINA," which at the time

included 35,148 completed units and 11,500 pieces held in Japan.  Defendant asked for the amount due on all units, completed or otherwise, "assuming cancellation," including costs of production, shipping, holding charges and storage costs.  Plaintiffs informed Defendant that the outstanding balance, assuming cancellation, totaled $2,806,459.44, plus storage costs.  Defendant did not dispute the amount due.  Defendant informed Plaintiffs for the first time that a government order had been cancelled.  Later, Defendant's former procurement leader testified that Defendant "did not need the product" and had "no need of PAPR anymore."

On February 22, 2021, Defendant offered to pay $1,496,000 in full satisfaction of the amount due on its outstanding orders, approximately half of what Plaintiffs had communicated was owed.   Plaintiffs refused.  Plaintiffs now seek $2,806,459.44 in damages.

An Opinion dated March 9, 2023, dismissed Plaintiffs' initial complaint and granted limited leave to replead "solely for the purpose of repleading the breach of contract claim" to assert failure to pay upon termination of the Agreement.  *See Shinano Kenshi Corp. v. Honeywell Int'l Inc.*, No. 22 Civ. 3704, 2023 WL 2431327, at *7 (S.D.N.Y. Mar. 9, 2023) ("*Shinano I*").  On March 21, 2023, Plaintiffs filed the FAC, which repleaded the breach of contract claim, asserting several theories of breach.  The same day, Plaintiffs filed a letter motion for leave to file a Second Amended Complaint ("SAC") to replead the dismissed breach of implied covenant and fraud claims as well.  That motion was denied because Plaintiffs did not meet the standard to reconsider granting leave to replead solely the breach of contract claim and not the other dismissed claims.  *See Shinano Kenshi Corp. v. Honeywell Int'l, Inc.*, No. 22 Civ. 3704, 2023 WL 2898679, at *1 (S.D.N.Y. Apr. 11, 2023) ("*Shinano II*").

## II.     STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive dismissal, "plaintiffs must provide the grounds upon which their claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019).[1] "In reviewing a motion to dismiss, [a court] may consider not only the facts alleged in the complaint, but also documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Sabir*, 52 F.4th at 54.[2] "Contractual claims unambiguously barred by an agreement between the parties may be determined on a motion to dismiss." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 122 (2d Cir. 2022).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

[2] Plaintiffs submitted over 60 pages of supplemental material in opposition to the motion to dismiss, including deposition testimony of four witnesses, email correspondence between the parties and Defendant's spreadsheet of orders. The deposition testimony cannot be considered since it is not implicitly or explicitly a part of the FAC, which is the subject of this motion to dismiss. Even if the emails and spreadsheet might be considered here as "integral to the complaint," they would not change the outcome. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) ("A complaint is also deemed to include . . . documents that, although not incorporated by reference, are integral to the complaint.").

## III.   DISCUSSION

Defendant's motion to dismiss the FAC is granted in part and denied in part. Defendant's motion is denied as to the claim for breach of contract for failure to pay upon termination of the Agreement. Defendant's motion is granted as to all other theories of breach. Plaintiffs' request for certification for interlocutory appeal is denied.

As a threshold matter, as discussed in greater length in *Shinano I*, 2023 WL 2431327, at *2, New York law applies because the Agreement includes a New York choice of law provision and because the parties rely on New York Law in their motion papers. *See Ministers & Missionaries Benefit Bd. v. Snow*, 45 N.E.3d 917, 922 (N.Y. 2015); *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017).

### A.   Breach of the Agreement for Failure to Pay Upon Termination

Defendant's motion to dismiss the breach of contract claim based on Defendant's failure to pay for the completed and in-progress ASPINA Blowers and unique raw materials upon termination of the Agreement is denied. The pleaded facts are sufficient to support a claim. Under New York law, a breach of contract claim must allege that "(1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages." *34-06 73, LLC v. Seneca Ins. Co.*, 198 N.E.3d 1282, 1287 (N.Y. 2022). The parties dispute the third element. Construed in favor of Plaintiffs, the FAC alleges facts showing that Defendant breached the Agreement by failing to pay in accordance with Section 2.4 after terminating the Agreement.

The FAC alleges that Defendant's February 19, 2021, notice terminated the Agreement and that Plaintiffs consequently are entitled to payment. The FAC alleges that on February 19, 2021, Defendant "requested that [Plaintiffs] 'cancel and scrap all units currently being held'" and

asked for the amount "outstanding on all units, completed or otherwise, assuming cancellation, including costs of production, shipping, holding charges, and storage costs." Plaintiffs in response provided a dollar amount, "assuming cancellation rather than completion." Section 2.4 of the Agreement states that, upon termination and for custom products, Plaintiffs are entitled to "payment for . . . unique raw materials, work in progress and finished Products."

Defendant argues that its February 19, 2021, communication did not comply with the Agreement's notice provision in Section 24.2 and, as such, could not have terminated the Agreement as a matter of law. Regardless of whether Defendant's notice to Plaintiffs complied with the precise requirements of Section 24.2, Defendant cannot use its own failure to abide by the Agreement's notice provision to insulate itself from liability for termination. Under New York law, strict compliance with contractual notice provisions is not required when the adverse party does not assert the absence of actual notice or prejudice by the deviation. *See Baygold Assocs., Inc. v. Congregation Yetev Lev of Monsey, Inc.*, 916 N.Y.S.2d 639, 640 (2d Dep't 2011) (recognizing that "strict compliance with contractual notice provisions need not be enforced where the adversary party does not claim the absence of actual notice or prejudice by the deviation"); *Suarez v. Ingalls*, 723 N.Y.S.2d 380, 381 (2d Dep't 2001) ("Strict compliance with the contract notice provisions was not required because the plaintiff does not claim that she did not receive actual notice, or was prejudiced by the deviation."). There is no dispute that Plaintiffs had actual notice of the termination, and Plaintiffs do not assert any prejudice from Defendant's alleged failure to provide personal service (or overnight delivery) to all the parties identified in Section 24.2. The cases Defendant relies on to argue that New York law requires strict compliance with notice provisions involve the failure of the party seeking relief to provide adequate notice, not the party seeking to bar relief, and thus do not bear on the outcome here.

To the extent Defendant seeks to reargue that its February 19, 2021, communication was a notice of termination of purchase orders (resulting in no further payment obligation), and not notice of termination of the Agreement (with explicit contractual payment obligations), that is an issue to be raised at summary judgment or trial and does not go to the sufficiency of the repleaded complaint, as was explained in the prior Order on Defendant's motion to dismiss. *See Shinano I*, 2023 WL 2431327, at *3. The language of the notice as pleaded in the FAC reasonably can be read to be a notice of termination of the Agreement, and therefore is sufficient to sustain the claim of breach of contract for failure to pay upon termination.

B.   **Breach of Contract Theories Beyond the Scope of Leave Granted**

Defendant's motion is granted as to the FAC's remaining theories of breach of contract. Plaintiffs were granted leave to replead solely as to breach of contract for failure to pay upon termination. *See Shinano I*, 2023 WL 2431327, at *7 ("Plaintiffs may file an Amended Complaint, solely for the purpose of repleading the breach of contract claim as described above."). Even so, Plaintiffs have repleaded two theories of breach beyond that limited scope: breach of contract arising out of Defendant's termination of purchase orders and breach of contract under Section 12.1. Both theories were previously raised and rejected. *See Shinano I*, 2023 WL 2431327, at *3; *Shinano II*, 2023 WL 2898679, at *1. Plaintiffs' attempt to replead theories that are beyond the scope of leave granted is unavailing. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *accord Ibntalal v. City of New York*, No. 22 Civ. 1500, 2022 WL 3030204, at *4 (S.D.N.Y. Aug. 1, 2022). Plaintiffs' alternative theories for breach of

contract are dismissed.

### C.      Certification Under 28 U.S.C. § 1292

Plaintiffs' application for certification for interlocutory appeal is denied. Under 28 U.S.C. § 1292(b), a district court has discretion to certify an appeal from an interlocutory order when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The moving party has the burden to establish each element. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005); *accord In re Tops Holding II Corp.*, No. 22 Civ. 9450, 2023 WL 119445, at *2 (S.D.N.Y. Jan. 6, 2023) (applying § 1292(b) standard to bankruptcy appeal). Plaintiffs have not met that high burden here.

First, Plaintiffs' challenge in substance concerns the sufficiency of the pleadings, not a controlling issue of the law. An assessment of the sufficiency of pleadings is generally not an appropriate subject for interlocutory review. *See In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002) ("[T]he Second Circuit has held that challenges to the sufficiency of a pleading are not generally the appropriate subjects of interlocutory review, as a reversal at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter."); *accord In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014). Second, for appeal, Plaintiffs have not identified a substantial ground for a difference of opinion; they merely insist on the sufficiency of the pleadings and seek to repeat arguments made and rejected on Defendant's previous motion to dismiss and Plaintiffs' motion for leave to file a second amended complaint. *See S.E.C. v. Gruss*, No. 11 Civ. 2420, 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012) (denying certification where party "mostly repeats

arguments" because a "claim that the Court's reasoning or ruling was incorrect, without more, does not demonstrate a substantial ground for difference of opinion."). Third, an immediate appeal of either Defendant's motion to dismiss or the denial of leave to file an SAC would not materially advance the ultimate termination of the litigation and likely would delay its progress. *See In re Facebook*, 986 F. Supp. 2d at 532 ("Using § 1292(b) to resolve questions concerning the application of law to facts is problematic for the termination of a litigation, as such questions are generally not suitable for certification under § 1292(b)."); *Degulis v. LXR Biotechnology, Inc.*, No. 95 Civ. 4204, 1997 WL 20832, at *7 (S.D.N.Y. Jan. 21, 1997) (no certification of an order under § 1292(b) where "appellate reversal of the adequacy of the pleadings . . . would result only in granting leave to replead, and would thus delay consideration of the merits").

Even if Plaintiffs could meet the statutory criteria here, "district court judges have broad discretion to deny certification." *In re Tops Holding II Corp.*, 2023 WL 119445, at *2. "[A] basic tenet of federal law is to delay the appellate review until a final judgment . . . ." *Id.* at *3. Accordingly, interlocutory appeals are "strongly disfavored" in federal practice. *Id.* at *2. "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until the entry of a final judgment." *Id*. at *3. Plaintiffs have not identified any exceptional circumstances justifying certification here. Plaintiffs' application for certification for interlocutory appeal is denied.

\*   \*   \*

For the foregoing reasons, the motion to dismiss is **GRANTED** in part and **DENIED** in part. For clarity, the only surviving claim is breach of contract for failure to pay upon termination. Plaintiffs' application for certification for interlocutory appeal is **DENIED**. The parties shall meet and confer in an effort to agree on next steps to be discussed at a conference to

be held on **February 14, 2024, at 4:10 P.M.**  The conference will be telephonic and will take place on the following line: 888-363-4749; access code: 558-3333.

   The Clerk of Court is respectfully directed to close the motion at Dkt. 64.

Dated: January 23, 2024
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE